IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MONICA REGINA HAWKINS,<br>Plaintiff, | )<br>)<br>) | |
| v. | ) | No. 3:15-CV-336-L |
| AT&T,<br>Defendant. | )<br>)<br>)<br>) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. 636(b) and an order of this court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

### I.   Parties:

Plaintiff filed this complaint alleging Defendant AT&T discriminated against her when it terminated her employment. She is proceeding *pro se* and the Court has granted her leave to proceed *in forma pauperis*. Process has not issued pending judicial screening.

### II.  Factual background:

Plaintiff alleges Defendant AT&T terminated her employment in violation of Title VII of the Civil Rights Act, the Americans with Disabilities Act and the Age Discrimination in Employment Act.

Plaintiff has previously filed a complaint against AT&T alleging her termination violated the Americans with Disabilities Act and Title VII of the Civil Rights Act. *See Hawkins v. AT&T*, No. 3:12-CV-1173-L (N.D. Tex.). On August 23, 2013, the district court granted AT&T's

motion to dismiss the complaint with prejudice. On October 19, 2014, the Fifth Circuit Court of Appeals denied Plaintiff's appeals. *Hawkins v. AT&T*, No. 14-10667 (5th Cir. Oct. 19, 2014). Finally, on August 15, 2014 and January 5, 2015, the district court denied Plaintiff's motions to reopen the case and ordered that the court would not accept any further filings by Plaintiff in that case.

On February 3, 2015, Plaintiff filed the instant complaint in which she claims her previous case "was closed without been (sic) reviewed the correct way." (Compl. at 1.) Plaintiff seeks to re-urge her employment claims in this case.

## III. Screening

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## IV. Discussion

Plaintiff's claims against AT&T are barred by the doctrine of res judicata. Under res judicata, a prior judgment bars a subsequent action where: (1) the parties are identical in both suits; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same cause of action was involved in both cases. *Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir. 1983). Further, the doctrine of res judicata "bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication." *Id.* at 561 (citing *Allen v. McCurry*, 449 U.S. 90 (1980)).

Plaintiff sued AT&T in both suits. The parties are therefore identical. The prior judgment was rendered by the United States District Court for the Northern District of Texas, which is a court of competent jurisdiction. The Court also rendered a final decision on the merits. Finally, both the prior case and this complaint involve the same cause of action. Plaintiff simply argues that the previous case was not correctly decided. Plaintiff's claims are therefore barred by res judicata and should be dismissed.

## V. Sanctions

On May 1, 2014 and May 12, 2014, the Court warned Plaintiff that continued filing of frivolous complaints could result in sanctions. *See Hawkins v. George L. Allen Sr. Courts 301st*, No. 3:14-CV-1067-B (N.D. Tex.) and *Hawkins v. Loanstar Title*, No. 3:14-986-B (N.D. Tex.). By filing the current complaint, Plaintiff has persisted in filing frivolous actions. The Court finds Plaintiff should be sanctioned $50 and that the sanction should be paid prior to the Court accepting any further complaints from Plaintiff.

**RECOMMENDATION:**

The Court recommends that this case be dismissed with prejudice as frivolous and that Plaintiff be sanctioned $50 and that said sanction be paid prior to the Court accepting any further complaints from Plaintiff.

Signed this 10 day of February, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).