IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MONICA REGINA HAWKINS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-CV-336-L |
| | § | |
| **AT&T,** | § | |
| | § | |
| Defendant. | § | |

**ORDER**

This case was referred to Magistrate Judge Paul D. Stickney, who entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") on February 10, 2015, recommending that the court summarily dismiss this action; that Plaintiff be sanctioned $50; and that this sanction be paid prior to the court accepting any further complaints from Plaintiff. Plaintiff has filed no objection as of the date of this order.

Plaintiff sent a letter to the court on March 27, 2015, and she "request[s] a gag order [be] place[d] on all federal case[s] filed." Pl.'s Letter (Doc. 5). She states that she has written the White House to grant this "gag order" and that she plans to address this matter with the EEOC. This does not affect the magistrate judge's recommendation that the court dismiss this action with prejudice because it is barred by the doctrine of res judicata.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court **determines** that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses with prejudice** Plaintiff's claims against Defendant.  The court, however, **rejects** the magistrate judge's

recommendation that a $50 sanction be imposed, as it believes, given Plaintiff's history, a $100 sanction is necessary to stop Plaintiff's frivolous conduct and to ensure compliance with the court's orders. The clerk's docket reflects that Plaintiff is a serial litigator.[*] The court **orders** that Plaintiff be sanctioned **$100** and that this sanction must be paid prior to the clerk accepting any further complaints or filings from Plaintiff. The court will issue a judgment in a separate document pursuant to Federal Rule of Civil Procedure Rule 58(a).

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report and the court's order accepting the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the foregoing orders, the court concludes that any appeal of this action would present no legal point of arguable merit and would therefore be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5). In the event that Petitioner files a notice of appeal, she must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless she has been granted IFP status by the district court.

---

[*] Plaintiff was a party in the following 9 cases: (1) *Hawkins v. Wells Fargo Home Mortgage*, 12-cv-01453-M-BN; (2) *Hawkins v. RNB Smooth 105.7*, 12-cv-01469-P; (3) *Hawkins v. K104*, 12-cv-01471-M; (4) *Hawkins v. Radio One*, 12-cv-1472; (5) *Hawkins v. Harvey*, 12-cv-01702-M; (6) *Hawkins v. Merrifield Elementary et al.*, 12-cv-01738-B; (7) *Hawkins v. WFAA/ABC*, 14-cv-00502-P-BK; (8) *Hawkins v. CBS 11 News*, 14-cv-00503-B-BN; and (9) *Hawkins v. Griffin*, 14-cv-00504-N-BH. All of these cases have been dismissed, some with prejudice and some without.

Case 3:15-cv-00336-L-BF   Document 8   Filed 04/23/15   Page 3 of 3   PageID 26

**It is so ordered** this 23rd day of April, 2015.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

Order - Page 3